PER CURIAM.
The defendant-appellee, Thomas G. Markley, has filed application for rehearing in this matter averring among other reasons that the court erred in holding that the defendant had the burden of proving that the $12,500.00 involved was a donation. We find that we were in error in holding that such was the law because the burden of proof is upon the party alleging the donation to prove it. What we really held was that the burden of proof was on the defendant to prove the loan and of course burden of proof was on the plaintiff to prove that the $12,500.00 which was advanced by the defendant, Markley, to the plaintiff for the purchase of a home was a donation.
We do not feel that it is necessary to grant a rehearing on this matter because the result would be the same. We are satisfied from the evidence that the plaintiff discharged the burden of establishing that the advance was a gift and not a loan. As we found, in the original opinion, the defendant, Markley was very much interested in establishing a home for his daughter, issue of his marriage with the plaintiff. He gave her advice, and went to California and helped her pick out a home. He deposited the money with the bank for the purchase price of the home which was purchased. The home was taken in his name, and he had ample opportunity to have kept the property in his name until the loan was repaid. Instead, he deeded the property to the plaintiff and no mention was made of any indebtedness for any loan. He never required the plaintiff to acknowledge the debt in writing before witnesses, and at times had ample money in his possession belonging to the plaintiff from which he could have required payment of the alleged loan. The defendant was a man of considerable means and an experienced business *175 man, and it seems strange that he did not take any steps to protect the indebtedness until several years after it allegedly arose.
We, therefore, feel that the plaintiff proved that the $12,500.00 advanced was a donation to her by the defendant, Markley, for the purchase of a home to he occupied by her and his daughter by his marriage with plaintiff.
We, therefore, refuse a rehearing in this matter.
Rehearing refused.